**IN THE COURT OF APPEALS OF IOWA**

No. 15-0236
Filed April 8, 2015

**IN THE INTEREST OF S.C.,**
**Minor Child,**

**K.B., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

The mother appeals the termination of her parental rights to her daughter, S.C. **AFFIRMED.**

Esther J. Dean, Muscatine, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Alan Ostergren, County Attorney, and Oubonh White, Assistant County Attorney, for appellee State.

Christine Boyer, Iowa City, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, P.J.**

The mother appeals the termination of her parental rights to her daughter, S.C. She asserts the juvenile court improperly terminated her rights under Iowa Code section 232.116(1)(e) and (h) (2013), termination is not in S.C.'s best interests, and the relative-placement consideration should have precluded termination. We conclude that, due to the mother's placement in a halfway house, drug use, and unresolved mental health issues, S.C. cannot be returned to the mother's care; consequently, the juvenile court properly terminated her parental rights pursuant to Iowa Code section 232.116(1)(h). Furthermore, there is no bond between S.C. and the mother because of a lack of contact, and therefore termination is in S.C.'s best interest. S.C. is also not placed with a relative, and so the consideration of relative placement found in Iowa Code section 232.116(3) does not preclude termination. Consequently, we affirm the order of the juvenile court terminating the mother's parental rights.

S.C., born February 2014, first came to the attention of the Department of Human Services (DHS) upon her birth. She was removed on February 25, 2014, due to domestic violence between the mother and father and their use of synthetic cannabis (K2) while caring for S.C. She was placed in foster care, first in one foster home then in a pre-adoptive home, where she remained at the time of the termination hearing. S.C. was adjudicated a child in need of assistance (CINA) on April 18, 2014. The mother has not had custody of S.C. since the removal.

The mother has four older children, and DHS was involved with them at the time of S.C.'s birth due to the mother's drug use and lack of supervision as to

these older children. None were in her custody during the pendency of S.C.'s juvenile proceedings. The mother had a no contact order in place regarding S.C.'s father, which stemmed from his domestic abuse assault conviction, with the mother as the victim. Both were in violation of this order, and both were using K2 and cannabis while caring for the children. The mother tested positive for THC and K2 on February 26, 2014. Because she was on supervised probation for a previous drug conviction, this was a violation of her probation and the mother was arrested. She was sentenced to a term of incarceration not to exceed five years on April 10, 2014. She was incarcerated from April until July, 2014, and from late July until August, 2014.

Shortly after S.C.'s birth and prior to sentencing, the mother checked herself into an inpatient mental health facility at the University of Iowa. She remained there until the time of her first incarceration. Upon her final release from prison, the mother was placed in a work release program and a halfway house, where she remained at the time of the termination hearing. She remained sober while in the program.

While incarcerated, the mother did not have visits with S.C. until shortly before her release. At the termination hearing, the DHS worker testified the mother failed to place her on the visitor's list, which impeded the worker from arranging visits. The mother denied this and stated she attempted to get the visits approved. The mother had a few fully supervised, one-hour visits with S.C. while at the residential program.

The mother has several mental health issues. She has been diagnosed with posttraumatic stress disorder, depressive disorder, and an anxiety disorder.

An evaluation connected with the juvenile proceedings performed on August 29, 2014, also added a diagnosis of antisocial personality disorder. The mother has been prescribed medication for these issues but either does not take it or does not take it as prescribed. The mother testified she realizes the extent of her mental health issues and intends to take her medication appropriately and otherwise address these problems. Additionally, at the time of the termination hearing the mother was employed, though she did not have a place to reside after her release from the halfway house.

Due to the mother's inability to care for S.C., the State filed a petition to terminate her parental rights on September 15, 2014. A contested hearing was held on October 17 and October 22, 2014, in which the mother requested that S.C. be placed with her sister and that the relative-placement exception should preclude termination.[1] On January 28, 2015, the juvenile court issued an order terminating the mother's parental rights pursuant to Iowa Code section 232.116(1)(e) and (h).[2] The mother appeals.

We review termination proceedings de novo. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The grounds for termination must be proved by clear and convincing evidence. *Id.* Our primary concern is the child's best interest. *Id.* When the juvenile court terminates parental rights on more than one statutory ground, we only need find grounds to terminate under one of the sections cited

---

[1] The DHS worker's testimony at the hearing established that at the beginning of the CINA proceeding the aunt indicated she did not want to take custody of S.C.; however, in the middle of June 2014, the aunt stated she would like to be considered as a placement for S.C. Paperwork for a criminal background check was provided to her, but the aunt did not complete it. Consequently, S.C. was never placed with the aunt.

[2] The father consented to and the court terminated his parental rights. The father does not appeal.

by the juvenile court to affirm. *Id.* To terminate parental rights under Iowa Code section 232.116(1)(h), the State must prove the child is three years old or younger, has been adjudicated CINA, has been removed from the home for at least six of the last twelve months, and cannot be returned to the mother's custody at the present time.

Upon review of the record, the juvenile court properly terminated the mother's parental rights under paragraph (h). The mother has significant substance abuse and mental health issues that remain unresolved, which indicates S.C. cannot be returned to her care within any reasonable timeframe. As the juvenile court noted:

> [The mother] is not capable of breaking her lifelong history of associating with individuals with a significant substance abuse history and criminal involvement. She makes poor decisions that impact the safety of her child. Her continued association with individuals who abuse controlled substances results in the continued relapse by [the mother] and an inability to provide appropriate supervision to her child(ren).
> . . . .
> [The mother] and her family initially came to the attention of the Department of Human Services in April of 2013 due to supervision and substance abuse concerns. Those concerns remained throughout the underlying child in need of assistance cases. Supervision and substance abuse concerns were the reasons [S.C.] was removed from the custody of her parents in February of 2014. Unfortunately, [the mother's] history demonstrates she will be unable to maintain sobriety and stability outside of a structured setting.

The record supports this assessment. Despite the receipt of numerous services, the mother is unable to provide a stable, sober environment in which to raise S.C. Though the mother stated at the termination hearing she realized the extent of her problems and intends to better address them in the future, she has not made any measurable progress indicating she will be able to do so to the

extent she can care for S.C. In determining the future actions of the parent, her past conduct is instructive. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). It is clear the mother has been unable to address her severe substance abuse and mental health issues, and, as the juvenile court noted, it is unlikely she will maintain sobriety in a non-structured setting, or avoid the company of those with similar substance abuse problems and criminal history. It also appears doubtful the mother will properly address her mental health issues, given her lack of medication compliance and follow-through with mental health services during the pendency of the juvenile proceedings. Consequently, we conclude the State proved by clear and convincing evidence S.C. cannot be returned to the mother's care within the meaning of paragraph (h).

Termination is also in S.C.'s best interest. She does not share a bond with the mother due to the mother's incarceration throughout the majority of S.C.'s life, with only a few visits towards the end of the mother's sentence and during her stay in the halfway house. We further note that the mother's incarceration is not an excuse for a lack of contact with S.C. *See In re E.K.*, 568 N.W.2d 829, 831 (Iowa Ct. App. 1997). Given the mother's lack of a bond with S.C., termination is in S.C.'s best interest. *See* Iowa Code § 232.116(2). We further find it encouraging S.C. has been placed in a pre-adoptive home.

Additionally, the relative-placement consideration does not apply. Though the mother requested S.C. be placed with her sister, that placement did not occur. Testimony at the hearing indicated this was due to the aunt's failure to comply with a criminal background check after eventually indicating she would be willing to be a placement consideration. In this context, we note that "[a]n

appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child." *In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997). Because S.C. was not placed with the mother's sister, the relative-placement consideration found in Iowa Code section 232.116(3) does not preclude termination.

Given the foregoing conclusions, we find the juvenile court properly terminated the mother's parental rights, and we affirm.

**AFFIRMED.**